**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FNU MAKTINUS, | No. 11-72202 |
| Petitioner, | Agency No. A088-129-180 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Maktinus, a native and citizen of Indonesia, petitions for review of a Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that the harms Maktinus suffered in Indonesia, even cumulatively, did not rise to the level of persecution. *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (incidents of harm petitioner suffered due to his Chinese ethnicity did "not compel a finding of past persecution"). Absent past persecution, he does not have a rebuttable presumption of a well-founded fear of future persecution. Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Maktinus failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear. *See Halim*, 590 F.3d at 975-77. Contrary to Maktinus' contention, the agency addressed his claim that he suffered harm on account of his Chinese ethnicity. Consequently, his asylum claim fails.

Because Maktinus failed to meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT protection because Maktinus failed to establish it is more likely than not he will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1068-69.

**PETITION FOR REVIEW DENIED.**